UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X   Civ. Act. No.: 1:15-cv-989 (JG)(CLP)
CARLINE PHILIPPE & SABRINA SAINT-MARC,

                      Plaintiffs
      -against-                           **FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

KINGS AUTOSHOW, INC.,

                      Defendant.
----------------------------------------------------------------X

      Defendant, KINGS AUTOSHOW INC. ("Kings Auto" or "Defendant"), by their attorneys, the Law Offices of C. Fred Weil, as and for its Answer to the Plaintiffs, CARLINE PHILIPPE and SABRINA SAINT-MARC's ("Plaintiffs"), Second Amended Complaint, dated June 11, 2015, alleges as follows:

      1.     Admits that Plaintiffs seek to recover damages under the statutes and causes of action identified in paragraph 1 of the Second Amended Complaint, but denies any liability thereunder.

      2.     Paragraph 2 of the Second Amended Complaint states a legal conclusion to which no response is required. Kings Auto reserves all interpretations of law to the Court.

      3.     Paragraph 3 of the Second Amended Complaint states a legal conclusion to which no response is required. Kings Auto reserves all interpretations of law to the Court.

      4.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 4 of the Second Amended Complaint.

      5.     Admits the allegations contained in paragraph 5 of the Second Amended Complaint to the extent that Kings Auto is in the business of selling motor vehicles in the State of New York, except denies the allegations that Kings Auto is in the business of advertising and registering motor vehicles.

6. Admits the allegations contained in paragraph 6 of the Second Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 7 of the Second Amended Complaint.

8. Admits the allegations contained in paragraph 8 of the Second Amended Complaint, but denies that Philippe returned with documentation requested by Kings Auto.

9. Admits the allegations contained in paragraph 9 of the Second Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 10 of the Second Amended Complaint, but admits that Plaintiffs were charged $15,500.00 for the vehicle.

11. Admits the allegations contained in paragraph 11 of the Second Amended Complaint, but denies that Plaintiffs provided any documentation or that Kings Auto took any documentation.

12. Admits the allegations contained in paragraph 12 of the Second Amended Complaint.

13. Admits the allegations contained in paragraph 13 of the Second Amended Complaint.

14. Admits the allegations contained in paragraph 14 of the Second Amended Complaint.

15. Admits the allegations contained in paragraph 15 of the Second Amended Complaint.

16. Admits the allegations contained in paragraph 16 of the Second Amended Complaint.

17. Admits the allegations contained in paragraph 17 of the Second Amended Complaint.

18. Admits the allegations contained in paragraph 18 of the Second Amended Complaint.

19. Admits the allegations contained in paragraph 19 of the Second Amended Complaint.

20. Admits the allegations contained in paragraph 20 of the Second Amended Complaint.

21. Admits the allegations contained in paragraph 21 of the Second Amended Complaint.

22. Admits the allegations contained in paragraph 22 of the Second Amended Complaint.

23. Admits the allegations contained in paragraph 23 of the Second Amended Complaint.

24. Admits the allegations contained in paragraph 24 of the Second Amended Complaint.

25. Denies each and every allegation contained in paragraph 25 of the Second Amended Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Second Amended Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Second Amended Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Second Amended Complaint.

29. Denies each and every allegation contained in paragraph 29 of the Second Amended Complaint.

30. Admits the allegations contained in paragraph 30 of the Second Amended Complaint.

31. Denies each and every allegation contained in paragraph 31 of the Second Amended Complaint.

32. Admits the allegations contained in paragraph 32 of the Second Amended Complaint, but denies that Philippe supplied the requested documentation.

33. Denies each and every allegation contained in paragraph 33 of the Second Amended Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Second Amended Complaint, but admits that the vehicle was repossessed.

35. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 35 of the Second Amended Complaint.

36. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 36 of the Second Amended Complaint.

37. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 37 of the Second Amended Complaint.

38. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 38 of the Second Amended Complaint.

39. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 39 of the Second Amended Complaint.

40. Denies each and every allegation contained in paragraph 40 of the Second Amended Complaint.

41. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 41 of the Second Amended Complaint.

42. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 42 of the Second Amended Complaint.

43. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 43 of the Second Amended Complaint, but admits that the vehicle was repossessed.

44. Denies each and every allegation contained in paragraph 44 of the Second Amended Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Second Amended Complaint, except admits that Kings Auto had, at some point, explained to Plaintiff(s) why it repossessed the vehicle.

46. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 46 of the Second Amended Complaint.

47. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 47 of the Second Amended Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Second Amended Complaint.

## FIRST COUNT

49. In response to paragraph 49 of the Second Amended Complaint, Kings Auto repeats, reiterates, and reallages each and every response contained in paragraphs 1 through 48 of this Answer with the same force and effect as though fully set forth herein.

50. Denies each and every allegation contained in paragraph 50 of the Second Amended Complaint.

51. Paragraph 51 of the Second Amended Complaint states a legal conclusion to which no response is required.  Kings Auto reserves all interpretations of law to the Court.

52. Paragraph 52 of the Second Amended Complaint states a legal conclusion to which no response is required.  Kings Auto reserves all interpretations of law to the Court.

53. Denies each and every allegation contained in paragraph 53 of the Second Amended Complaint.

54. Denies each and every allegation contained in paragraph 54 of the Second Amended Complaint.

55. Denies each and every allegation contained in paragraph 55 of the Second Amended Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Second Amended Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Second Amended Complaint.

58. Denies each and every allegation contained in paragraph 58 of the Second Amended Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Second Amended Complaint.

60. Denies each and every allegation contained in paragraph 60 of the Second Amended Complaint.

61. Admits the allegations contained in paragraph 61 of the Second Amended Complaint.

62. Paragraph 62 of the Second Amended Complaint states a legal conclusion to which no response is required. Kings Auto reserves all interpretations of law to the Court.

63. Denies each and every allegation contained in paragraph 63 of the Second Amended Complaint.

64. To the extent that the allegations contained in paragraph 64 do not state a legal conclusion to which no response is required, Kings Auto denies the remaining allegations contained in paragraph 64 of the Second Amended Complaint.

65. To the extent that the allegations contained in paragraph 65 do not state a legal conclusion to which no response is required, Kings Auto denies the remaining allegations contained in paragraph 65 of the Second Amended Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Second Amended Complaint.

67. Denies each and every allegation contained in paragraph 67 of the Second Amended Complaint.

**SECOND COUNT**

68. In response to paragraph 68 of the Second Amended Complaint, Kings Auto repeats, reiterates, and reallages each and every response contained in paragraphs 1 through 67 of this Answer with the same force and effect as though fully set forth herein.

69. Admits the allegations contained in paragraph 69 of the Second Amended Complaint.

70. Denies each and every allegation contained in paragraph 70 of the Second Amended Complaint.

71. Admits the allegations contained in paragraph 71 of the Second Amended Complaint.

72. Paragraph 72 of the Second Amended Complaint states a legal conclusion to which no response is required. Kings Auto reserves all interpretations of law to the Court.

73. Admits the allegations contained in paragraph 73 of the Second Amended Complaint and refers the Court to the terms and conditions of the Finance Agreement, including those with which Plaintiffs agreed to comply.

74. Admits the allegations contained in paragraph 74 of the Second Amended Complaint and refers the Court to the terms and conditions of the Finance Agreement, including those with which Plaintiffs agreed to comply.

75. Denies each and every allegation contained in paragraph 75 of the Second Amended Complaint, but admits that it repossessed the Vehicle due to Plaintiffs failure to comply with the terms of the Financing Agreement.

76. Denies each and every allegation contained in paragraph 76 of the Second Amended Complaint.

77. Denies each and every allegation contained in paragraph 77 of the Second Amended Complaint.

78. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph 78 of the Second Amended Complaint.

79. Denies each and every allegation contained in paragraph 79 of the Second Amended Complaint.

### THIRD COUNT

80. In response to paragraph 80 of the Second Amended Complaint, Kings Auto repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 79 of this Answer with the same force and effect as though fully set forth herein.

81. Admits the allegations in paragraph 81 of the Second Amended Complaint, but denies that it revoked the credit afforded Plaintiffs.

82. Denies each and every allegation contained in paragraph 82 of the Second Amended Complaint.

83. Denies each and every allegation contained in paragraph 83 of the Second Amended Complaint.

84. Paragraph 84 of the Second Amended Complaint states a legal conclusion to which no response is required. Kings Auto reserves all interpretations of law to the Court.

### FOURTH COUNT

85. In response to paragraph 85 of the Second Amended Complaint, Kings Auto repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 84 of this Answer with the same force and effect as though fully set forth herein.

86. Denies each and every allegation contained in paragraph 86 of the Second Amended Complaint.

87. Denies each and every allegation contained in paragraph 87 of the Second Amended Complaint.

**FIFTH COUNT**

88. In response to paragraph 88 of the Second Amended Complaint, Kings Auto repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 87 of this Answer with the same force and effect as though fully set forth herein.

89. Denies each and every allegation contained in paragraph 89 of the Second Amended Complaint, but admits that it repossessed the vehicle.

90. Denies each and every allegation contained in paragraph 90 of the Second Amended Complaint.

91. Denies each and every allegation contained in paragraph 91 of the Second Amended Complaint.

**SIXTH COUNT**

92. In response to paragraph 92 of the Second Amended Complaint, Kings Auto repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 91 of this Answer with the same force and effect as though fully set forth herein.

93. Denies each and every allegation contained in paragraph 93 of the Second Amended Complaint.

94. Denies each and every allegation contained in paragraph 94 of the Second Amended Complaint.

95. Denies each and every allegation contained in paragraph 95 of the Second Amended Complaint.

96. Denies each and every allegation contained in paragraph 96 of the Second Amended Complaint.

## SEVENTH COUNT

97. In response to paragraph 97 of the Second Amended Complaint, Kings Auto repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 96 of this Answer with the same force and effect as though fully set forth herein.

98. Paragraph 98 of the Second Amended Complaint states a legal conclusion to which no response is required.  Kings Auto reserves all interpretations of law to the Court.

99. Denies each and every allegation contained in paragraph 99 of the Second Amended Complaint.

100. Denies each and every allegation contained in paragraph 100 of the Second Amended Complaint.

101. Denies each and every allegation contained in paragraph 101 of the Second Amended Complaint.

102. Denies each and every allegation contained in paragraph 102 of the Second Amended Complaint.

103. Denies each and every allegation contained in paragraph 103 of the Second Amended Complaint.

## EIGHTH COUNT

104. In response to paragraph 104 of the Second Amended Complaint, Kings Auto repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 103 of this Answer with the same force and effect as though fully set forth herein.

105. Paragraph 105 of the Second Amended Complaint states a legal conclusion to which no response is requires. Kings Auto reserves all interpretations of law to the Court.

106. Denies each and every allegation contained in paragraph 106 of the Second Amended Complaint, but admits that the vehicle was repossessed.

107. Denies each and every allegation contained in paragraph 107 of the Second Amended Complaint.

108. Denies each and every allegation contained in paragraph 108 of the Second Amended Complaint.

109. Denies each and every allegation contained in paragraph 109 of the Second Amended Complaint.

110. Denies each and every allegation contained in paragraph 110 of the Second Amended Complaint.

## NINTH COUNT

111. In response to paragraph 111 of the Second Amended Complaint, Kings Auto repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 110 of this Answer with the same force and effect as though fully set forth herein.

112. Denies each and every allegation contained in paragraph 112 of the Second Amended Complaint.

113. Denies each and every allegation contained in paragraph 113 of the Second Amended Complaint.

114. Denies each and every allegation contained in paragraph 114 of the Second Amended Complaint.

## TENTH COUNT

115. In response to paragraph 115 of the Second Amended Complaint, Kings Auto repeats, reiterates, and realleges each and every response contained in paragraphs 1 through 114 of this Answer with the same force and effect as though fully set forth herein.

116. Admits the allegations contained in paragraph 116 of the Second Amended Complaint.

117. Admits the allegations contained in paragraph 117 of the Second Amended Complaint.

118. Denies each and every allegation contained in paragraph 118 of the Second Amended Complaint.

119. Denies each and every allegation contained in paragraph 119 of the Second Amended Complaint.

120. To the extent that the allegations contained in paragraph 120 do not state a legal conclusion to which no response is required, Kings Auto denies the remaining allegations contained in paragraph 120 of the Second Amended Complaint.

121. Denies each and every allegation contained in paragraph 121 of the Second Amended Complaint.

122. Denies each and every allegation contained in paragraph 122 of the Second Amended Complaint.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

123. Plaintiffs fail to state a claim upon which relief may be granted as against Kings Auto.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

124. Plaintiffs' claims are barred by the doctrines of waiver and estoppel.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

125. Plaintiffs' damages, if any, were caused or contributed to, in whole or in part, by Plaintiffs' own acts, omissions, or culpable conduct, and, therefore, Plaintiffs' claim for damages should be denied or diminished in proportion to the extent that the culpable conduct attributable to Plaintiffs caused Plaintiffs' alleged damages.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

126. To the extent that Plaintiffs have sustained any damages, they have failed to mitigate their damages.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

127. Plaintiffs' action is barred, as the documentary evidence will demonstrate.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

128. Plaintiffs' damages, if any, were caused or contributed to, in whole or in part, by a third-party's acts, omissions, or culpable conduct, and, therefore, Plaintiffs' claim for damages should be denied or diminished in proportion to the extent that the culpable conduct attributable to any third-party caused Plaintiffs' alleged damages.

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

129. The Court lacks personal jurisdiction over Kings Auto.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

130. Kings Auto and the business which it conducts within the State of New York are not governed by any Connecticut statute, law, rule, and/or regulation.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

131. Plaintiffs are without a cause of action, as the "Finance Agreement", as defined in the Second Amended Complaint, was assigned to third-party, Credit Acceptance Corporation, without recourse, at the time the Finance Agreement was consummated.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

132. Plaintiffs failed to name a necessary party as a defendant, to wit: Credit Acceptance Corporation.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

133. Plaintiffs' claims arising under federal statutes lack merit and, as such, the Court should reject asserting supplementary jurisdiction over the remaining state law claims.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

134. Kings Auto cannot be liable under Conn. Gen. Stat. 42-110b, as Kings Auto's primary trade or commerce is not the repossession of motor vehicles.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

135. To the extent that Plaintiffs are entitled to damages, the extent of their damages should be offset by an amount equal to the costs of repairing the vehicle from damage sustained while the vehicle was in Plaintiffs' collective custody.

**WHEREFORE**, Defendant, KINGS AUTOSHOW, INC., demands:

(i) The dismissal of each and every cause of action contained in the Complaint;

(ii) That Plaintiffs be ordered to compensate Defendant, KINGS AUTOSHOW, INC., for all costs and expenses it has incurred in defense of this action; and

(iii) Any further and different relief that this Court shall deem just and proper.

Dated: Syosset, New York
June 25, 2015

                                   **LAW OFFICES OF C. FRED WEIL**

By: /s/ C. Fred Weil_____
C. Fred Weil, Esq.
*Attorneys for Defendant,*
*Kings Autoshow, Inc.*
35 Roosevelt Avenue
Syosset, New York 11791
Tel:   (516) 677-0300
Fax:   (516) 496-9047

**To (via ECF):**
Sergei Lemberg, Esq.
Vlad Hirnyk, Esq.
LEMBERG LAW, LLC
*Attorneys for Plaintiffs,*
1100 Summer Street, 3rd Floor
Stamford, Connecticut 06905

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK            Civil Action No. 1:15-CV-989 (JG)(CLP)

CARLINE PHILLIPE & SABRINA SAINT-MARC,

          Plaintiffs,

-against-

KINGS AUTOSHOW, INC.,

          Defendant.

## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

**LAW OFFICES OF C. FRED WEIL**
*Attorney for Defendant, KINGS AUTOSHOW INC.*
*35 ROOSEVELT AVENUE*
*SYOSSET, NEW YORK 11791*
*(516)677-0300*

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated: June 25, 2015*      *Signature* __/s/ C. Fred Weil__

                                      *Print Signer's Name:* __C. Fred Weil, Esq.__

Service of a copy of the within                          is hereby admitted.

Dated:

                        Attorney(s) for

**PLEASE TAKE NOTICE**
*Notice of Entry:*
   /     /      that the within is a true copy of a **** entered in the office of the clerk of the within
                  named Court on
*Notice of Settlement:*
   /     /      that an ** of which the within is a true copy will be presented for settlement to the Hon.
                  One of the judges of the within-named Court, on  , at          M.

*Dated:*      **LAW OFFICES OF C. FRED WEIL**
          *Attorney for Defendant, Kings Autoshow Inc.*
          *35 ROOSEVELT AVENUE*
          *SYOSSET,  NEW YORK 11791*